UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ricky Johnson, <br><br>            Plaintiff, <br><br>vs. <br><br>M. Sanchez, et al., <br><br>            Defendants. | Case No. 2:24-cv-02362-MDC <br><br> **ORDER GRANTING PLAINTIFF'S IFP APPLICATION (ECF NO. 2) AND SCREENING PLAINTIFF'S COMPLAINT (ECF NO. 2-1)** |

Pro se plaintiff Ricky Johnson filed an *Application to Proceed In Forma Pauperis* ("IFP") and a proposed complaint. *ECF Nos. 2 and 2-1*. The Court grants plaintiff's IFP Application. *ECF No. 2*. The Court dismisses his complaint without prejudice, and with leave to refile. *ECF No. 2-1*.

**I. WHETHER PLAINTIFF MAY PROCEED IN FORMA PAUPERIS**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff states that he receives $1,307 per month in social security. *ECF No. 2 at 2*. Plaintiff itemizes his expenses for the month, which includes rent, utilities, and food: he estimates that he has $829 in total expenses per month. *Id.* The Court finds that plaintiff cannot afford the filing fee and grants his IFP application.

**II. WHETHER PLAINTIFF'S COMPLAINT STATES A PLAUSIBLE CLAIM**

   **A. Legal standard**

The Court reviews plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim

showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Complaint**

Plaintiff's handwriting is difficult to read, but he appears to allege that the three named officer defendants conspired to chase him down and conduct a Terry search[1]. *ECF No. 2-1 at 4*. Plaintiff states that he is a 65-year-old black man and that the officers violated his rights when they "took him down" and hand cuffed him. *Id.* Plaintiff alleges they falsely imprisoned him, searched his body, and searched his mouth. *Id.* Plaintiff alleges $200,000 in actual damages to his knees from the take down. *Id.* Plaintiff

---

[1] Construing this liberally, plaintiff appears to be referring to a Terry stop, which is a brief investigative detention. See *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

2

alleges that he had to have knee surgery which left him unable to walk. *Id.* Plaintiff asks for $80,00 in psychological damages from the arrest because he now suffers from severe anxiety, flashbacks, sleepless nights, and nightmares due to post traumatic stress disorder. *Id.* Plaintiff also asks that the Court order punitive damages against the Las Vegas Metropolitan Police Department ("LVMPD") [2] for failing to respond to the officers' egregious misconduct. *Id.* He also alleges that LVMPD wrongfully refused to give him the video footage of the arrest. *Id.* Plaintiff brings claims for violations of 42 U.S.C. § 1983, the Fourth Amendment, 25 C.F.R. § 11.404 (false imprisonment), and 18 USCS § 1201 (federal kidnapping).

### a.  Plaintiff's 42 U.S.C. § 1983 and Fourth Amendment Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Section 1983 does not create substantive rights but instead "provides a mechanism for enforcing individual rights 'secured' elsewhere, i.e., rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002).

Section 1983 claims may be brought against defendants in their official or personal capacities. *Hafer v. Melo*, 502 U.S. 21, 27, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). If a plaintiff brings a claim against a defendant in that person's "official capacity," the real party in interest is the governmental entity and not the named official. *Id.* If a plaintiff brings a claim against a defendant in that person's "personal capacity," the plaintiff is "seek[ing] to impose individual liability upon a government officer

---

[2] The plaintiff names the LVMPD as a defendant, although the LVMPD is mistakenly not listed as a defendant on the docket.

for actions taken under color of state law." *Id.* at 25. The Eleventh Amendment bars damages actions against state officials in their official capacities. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). "[W]hen a plaintiff sues a defendant for damages, there is a presumption that he is seeking damages against the defendant in his personal capacity." *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (citing *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999)). The Fourth Amendment governs the reasonableness of government searches and seizures. See U.S. Const., amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . but upon probable cause ...").

### i. Terry Stops and Searches

In *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), the Supreme Court held that if an officer has reasonable articulable suspicion that a person is engaged in a crime, the officer may briefly detain that person to make a limited and appropriate inquiry, *id.* at 21-22, and if the officer has reason to believe that the person detained may be armed with any sort of weapon, the officer may further conduct a limited protective frisk for such weapons, *id.* at 27-29. Construing plaintiff's complaint liberally, he wishes to impose individual liability upon the individual defendant officers acting in their personal capacity for actions taken under the color of law. Plaintiff has not stated enough facts to give the defendants notice regarding a Fourth Amendment violation related to the search. Plaintiff does not give any details regarding how his interaction with the officers began. Plaintiff does not allege anything about how long the alleged detention took place or whether the officers acted without probable cause. The plaintiff also does not allege why the officers lacked reasonable suspicion for a Terry stop. Even liberally construing plaintiff's complaint, it does not state sufficient factual allegations about the underlying dispute and the defendants' role in the matter to state a claim. If plaintiff amends, he must

state specific facts about the incident.

### ii. Excessive Force

Although excessive force claims may arise under the Fourth or Eighth Amendment, the Fourth Amendment is implicated when an excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, while the Eighth Amendment is implicated when an excessive force claim arises in the context of a post-conviction prison encounter. *Graham v. Connor*, 490 U.S. 386, 393-95 & n.10, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). The test for such Fourth Amendment excessive force claims is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham*, 490 U.S. at 396-97 (internal citations omitted).

Regarding plaintiff's potential excessive force claim under the Fourth Amendment, the police allegedly "took him down" and hurt his knees during the seizure and/or arrest. It is unclear what exactly happened other than that the police allegedly took him down to the ground. Plaintiff's allegations fail to adequately allege which officer specifically used excessive force, how each officer used excessive force, and the basis for each officer's lack of probable cause to believe that plaintiff had committed a crime.

### iii. False Arrest

Claims involving arrest without probable cause or a warrant are examined under Fourth Amendment standards. See *Albright v. Oliver*, 510 U.S. 266, 274-75, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994). In *Albright*, the Court held that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.* at 273. The Fourth Amendment requires that law enforcement officers have probable cause to support an arrest. *Luchtel v. Hagemann*, 623 F.3d 975, 979 (9th Cir. 2010). An arrest is supported by probable cause if, "under the totality of circumstances known to the arresting officers, a prudent person

would have concluded that there was a fair probability that [the suspect] had committed a crime." *Id.*; see also *Illinois v. Gates*, 462 U.S. 213, 235, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983) (The evidence only needs to support "the probability, and not a prima facie showing, of criminal activity.").

Violation of 25 C.F.R. § 11.404 is not the proper basis for plaintiff's claims of false imprisonment, which the Court liberally construes as a claim for false arrest. Part 11 of Title 25 applies only to Courts of Indian Offenses are established by the Bureau of Indian Affairs. See 25 C.F.R. §§ 11.100, 11.104. The regulation does not apply to this Court, and plaintiff may not sustain a claim for false imprisonment. Plaintiff appears to be attempting to bring a claim for false arrest pursuant to the Fourth Amendment. Plaintiff has again not stated enough facts to give notice to the defendants regarding a plausible false arrest claim. Plaintiff has not stated what he was doing prior to the arrest, for example, to show that the officers could not have had probable cause to detain him. Plaintiff has not stated a claim for false arrest under the Fourth Amendment.

### b. Plaintiff's Claim Against the LVMPD

Local government entities such as counties can be sued directly under § 1983 for monetary or equitable relief where it is alleged that the entity's official or unofficial policy, custom, usage, or practice that is the "moving force [behind] the constitutional violation." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A plaintiff can establish this "municipal liability" by:

(1) alleging that an officer "committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity";

6

(2) establishing that the officer who committed the constitutional tort "was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy";

(3) proving that an official "with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it."

*Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992). A complaint that simply recites the elements of a *Monell* claim is insufficient to put a municipality on fair notice of the claims against it. *White v. City of Vacaville*, No. 2:12-CV-00515-GEB, 2012 U.S. Dist. LEXIS 58769, 2012 WL 1455221, at *4-*6 (E.D. Cal. Apr. 26, 2012).

To state viable claims for municipal liability, plaintiff must plead "(1) that [he] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (2011) (internal quotation marks and citations omitted). "At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *City of Okla. City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985).

The LVMPD is a governmental entity and is a named defendant. Plaintiff's complaint fails to state a *Monell* claim because he does not state any allegations regarding the LVMPD's policy, practice, or custom. Plaintiff alleges that the LVMPD failed to punish the officers and did not produce the video evidence to him, but these allegations do not give rise to a *Monell* claim. For example, the plaintiff does not allege any facts suggesting that an official policy or custom of the LVMPD resulted in a constitutional injury or that any conduct amounted to the LVMPD's official policy. Plaintiff also does

not allege that the acts as described were committed by an official with final policy making authority. For these reasons, plaintiff fails to state a claim against LVMPD under *Monell*.

### c. Plaintiff's 18 USCS § 1201 (federal kidnapping) Claim

Plaintiff alleges a violation of 18 USCS § 1201. This is a criminal statute, and private individuals have no authority to bring claims under criminal statutes. *Schwettmann v. Starns*, 2:23-cv-02442 DJC AC PS, 2023 U.S. Dist. LEXIS 213285, 2023 WL 8284064, *2 (E.D. Cal. Nov. 30, 2023) (explaining that "[a] citizen does not have authority to bring criminal charges, either under state or federal law"). Only the state or federal government can bring criminal charges unless the statute provides what is called a "private right of action" that permits a private individual to sue under that statute. *Wormley v. Hemphill*, 1:19-cv-00747 (CJN), 2021 U.S. Dist. LEXIS 267026, 2021 WL 11670848, at *2 (D.D.C. Mar. 22, 2021) (dismissing a self-represented plaintiff's claims brought "pursuant to various sections of Chapter 18 of the U.S. Code [because] none of those criminal statutes includes an express private right of action"); see also *Milam v. Southaven Police Dep't*, 2015 U.S. App. LEXIS 23103 (6th Cir. Aug. 21, 2015)("Where pro se plaintiff appealed district court's dismissal of her complaint, court was without jurisdiction to enforce federal kidnapping charge because plaintiff, as private citizen, lacked judicially cognizable interest in prosecution or non-prosecution of another.") Plaintiff's federal kidnapping claim is dismissed, and he should not raise it in his amended complaint.

### d. Plaintiff Has Not Adequately Pled Facts Supporting Any Claim

Plaintiff's complaint is bare bones and sparse on details, and the Court finds that he has also not plead enough facts to support a claim against the defendants. Plaintiff has failed to allege whether his arrest led to a conviction and whether he exhausted his appeals. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been" previously invalidated. *Id.* Plaintiff has not discussed whether he has been convicted or shown that his sentence has been invalidated. Plaintiff's complaint may be properly dismissed on this basis as well. *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) ("[B]ecause a judgment in favor of [the plaintiff] would necessarily imply the invalidity of his sentence, and because [the plaintiff] did not show that his sentence has been invalidated, the district court properly dismissed this action.").

### C. Conclusion

Plaintiff has not articulated any plausible claims. It is possible that these deficiencies may be cured through amendment. Plaintiff's complaint is dismissed without prejudice. Plaintiff must file an amended complaint explaining the circumstances of the case, the relief plaintiff seeks, and the law upon which he relies in bringing the case. The amended complaint must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading. LR 15-1(a).

**IT IS SO ORDERED:**

1. That plaintiff Ricky Johnson's *Application To Proceed In Forma Pauperis* (ECF No. 2) is GRANTED.
2. Plaintiff's complaint (ECF No. 2-1) is DISMISSED without prejudice with leave to amend.
3. That plaintiff has until **July 28, 2025**, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.

4. The Clerk of the Court is directed NOT to issue summons if plaintiff files an amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

DATE: June 27, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**