UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ricky Johnson,<br><br>                    Plaintiff,<br>vs.<br><br>M. Sanchez, et al.,<br><br>                    Defendants. | Case No. 2:24-cv-02362-MDC<br><br>**REPORT AND RECOMMENDATION FOR DISMISSAL (AMENDED COMPLAINTS ECF NOS. 7 AND 8)**<br><br>And<br><br>**ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE** |

Pro se plaintiff Ricky Johnson filed two amended complaints (ECF Nos. 7 and 8) pursuant to the Court's screening order (ECF No. 6). The Court has reviewed both amended complaints. The Court **RECOMMENDS** that the plaintiff's case be dismissed.

I.      **PLAINTIFF'S AMENDED COMPLAINTS**

When a plaintiff files an amended complaint, the amended complaint replaces all older filed complaints, including amended complaints. See *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (stating that, "when a plaintiff files an amended complaint, '[t]he amended complaint super[s]edes the original, the latter being treated thereafter as non-existent'"). The Court has reviewed both of plaintiff's amended complaints and finds that they appear to be identical. The Court thus recommends denying the earlier filed amended complaint outright (ECF No. 7) and now screens the later filed amended complaint (ECF No. 8).

In the amended complaint, plaintiff alleges that three officers conspired to chase him down and conduct a Terry search. *ECF No. 8*. For brevity, the Court will not repeat the entire prior screening order here but will discuss the relevant portions. The Court previously found that plaintiff's complaint was

1

bare bones and sparce on details. *ECF No. 6 at 8*. Plaintiff's amended complaint is still bare bones and sparce on details, but the Court reviews the amendments. *ECF No. 8*. Plaintiff does not re-allege any claims in the amendment. So construing his amended complaint liberally, the Court reviews the amendment as an attempt to re-allege claims the Court analyzed in the prior screening order, "for violations of 42 U.S.C. § 1983, the Fourth Amendment, 25 C.F.R. § 11.404 (false imprisonment), and 18 USCS § 1201 (federal kidnapping)." See *ECF No. 6 at 3*.

## II.      Legal Standard

While pro se pleadings are liberally construed, a complaint does not state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); see also Fed. R. Civ. P. 12(b)(6). A complaint must include facts that are "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

### a.   Plaintiff's 42 U.S.C. § 1983 and Fourth Amendment Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Section 1983 does not create substantive rights but instead "provides a mechanism for enforcing individual rights 'secured' elsewhere, i.e., rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536

U.S. 273, 285, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002).

Section 1983 claims may be brought against defendants in their official or personal capacities. *Hafer v. Melo*, 502 U.S. 21, 27, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). If a plaintiff brings a claim against a defendant in that person's "official capacity," the real party in interest is the governmental entity and not the named official. *Id.* If a plaintiff brings a claim against a defendant in that person's "personal capacity," the plaintiff is "seek[ing] to impose individual liability upon a government officer for actions taken under color of state law." *Id.* at 25. The Eleventh Amendment bars damages actions against state officials in their official capacities. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). "[W]hen a plaintiff sues a defendant for damages, there is a presumption that he is seeking damages against the defendant in his personal capacity." *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (citing *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999)). The Fourth Amendment governs the reasonableness of government searches and seizures. See U.S. Const., amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . but upon probable cause ...").

### i. Terry Stops and Searches

In *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), the Supreme Court held that if an officer has reasonable articulable suspicion that a person is engaged in a crime, the officer may briefly detain that person to make a limited and appropriate inquiry, *id.* at 21-22, and if the officer has reason to believe that the person detained may be armed with any sort of weapon, the officer may further conduct a limited protective frisk for such weapons, *id.* at 27-29. Construing plaintiff's amended complaint liberally, he wishes to impose individual liability upon the individual defendant officers acting in their personal capacity for actions taken under the color of law. Plaintiff has still not stated enough facts to give the defendants notice regarding a Fourth Amendment violation related to the

search. Plaintiff alleges that the officers conspired against him. *ECF No. 8 at 1*. Plaintiff states that the officers acted "without probable cause" or a warrant, but plaintiff does not state why the officers did not have probable cause. The allegation does not meet *Twombly*'s requirement that the plaintiff must include facts that are more than labels and conclusions, and a formulaic recitation. *See Twombly*, 550 U.S. at 545. The plaintiff also does not allege why the officers lacked reasonable suspicion for a Terry stop. Even liberally construing plaintiff's complaint, it does not state sufficient allegations about the underlying dispute and the defendants' role in the matter to state a claim.

### ii. Excessive Force

Although excessive force claims may arise under the Fourth or Eighth Amendment, the Fourth Amendment is implicated when an excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, while the Eighth Amendment is implicated when an excessive force claim arises in the context of a post-conviction prison encounter. *Graham v. Connor*, 490 U.S. 386, 393-95 & n.10, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). The test for such Fourth Amendment excessive force claims is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham*, 490 U.S. at 396-97 (internal citations omitted).

Regarding plaintiff's potential excessive force claim under the Fourth Amendment, plaintiff alleges that after he reached into his pocket for his ID, the cops pulled him and threw him in the rocks. Plaintiff's allegations fail to adequately allege which officer specifically used excessive force, how each officer used excessive force, and the basis for each officer's lack of probable cause to believe that plaintiff had committed a crime.

### iii. False Arrest

Claims involving arrest without probable cause or a warrant are examined under Fourth Amendment standards. See *Albright v. Oliver*, 510 U.S. 266, 274-75, 114 S. Ct. 807, 127 L. Ed. 2d 114

(1994). In *Albright*, the Court held that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.* at 273. The Fourth Amendment requires that law enforcement officers have probable cause to support an arrest. *Luchtel v. Hagemann*, 623 F.3d 975, 979 (9th Cir. 2010). An arrest is supported by probable cause if, "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime." *Id.*; see also *Illinois v. Gates*, 462 U.S. 213, 235, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983) (The evidence only needs to support "the probability, and not a prima facie showing, of criminal activity.").

Plaintiff appears to be attempting to bring a claim for false arrest pursuant to the Fourth Amendment. Plaintiff has again not stated enough facts to give notice to the defendants regarding a plausible false arrest claim. Plaintiff states that prior to the arrest he was riding his bike, but this bare bone allegation does not meet *Twombly*'s standard to show that the officers could not have had probable cause to detain him. Plaintiff has not stated a claim for false arrest under the Fourth Amendment.

    b. **Plaintiff's Claim Against the LVMPD**

Local government entities such as counties can be sued directly under § 1983 for monetary or equitable relief where it is alleged that the entity's official or unofficial policy, custom, usage, or practice that is the "moving force [behind] the constitutional violation." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A plaintiff can establish this "municipal liability" by:

> (1) alleging that an officer "committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity";

(2) establishing that the officer who committed the constitutional tort "was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy";

(3) proving that an official "with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it."

*Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992). A complaint that simply recites the elements of a *Monell* claim is insufficient to put a municipality on fair notice of the claims against it. *White v. City of Vacaville*, No. 2:12-CV-00515-GEB, 2012 U.S. Dist. LEXIS 58769, 2012 WL 1455221, at *4-*6 (E.D. Cal. Apr. 26, 2012).

To state viable claims for municipal liability, plaintiff must plead "(1) that [he] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (2011) (internal quotation marks and citations omitted). "At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *City of Okla. City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985).

The LVMPD is a governmental entity and is not a named defendant in the amended complaint, but the Court reviews this issue because he alleges that the LVMPD used excessive force against him. *See ECF No. 8 at 1, paragraph 4*. Plaintiff's complaint fails to state a *Monell* claim because he does not state any allegations regarding the LVMPD's policy, practice, or custom. Plaintiff alleges that the LVMPD failed to produce the video evidence to him, but these allegations do not give rise to a *Monell* claim. For example, the plaintiff does not allege any facts suggesting that an official policy or custom of the LVMPD resulted in a constitutional injury or that any conduct amounted to the LVMPD's official

policy. Plaintiff also does not allege that the acts as described were committed by an official with final policy making authority. For these reasons, plaintiff fails to state a claim against LVMPD under *Monell*.

### c. Plaintiff's 18 USCS § 1201 (federal kidnapping) Claim

Plaintiff alleges a violation of 18 USCS § 1201. This is a criminal statute, and private individuals have no authority to bring claims under criminal statutes. *Schwettmann v. Starns*, 2:23-cv-02442 DJC AC PS, 2023 U.S. Dist. LEXIS 213285, 2023 WL 8284064, *2 (E.D. Cal. Nov. 30, 2023) (explaining that "[a] citizen does not have authority to bring criminal charges, either under state or federal law"). Only the state or federal government can bring criminal charges unless the statute provides what is called a "private right of action" that permits a private individual to sue under that statute. *Wormley v. Hemphill*, 1:19-cv-00747 (CJN), 2021 U.S. Dist. LEXIS 267026, 2021 WL 11670848, at *2 (D.D.C. Mar. 22, 2021) (dismissing a self-represented plaintiff's claims brought "pursuant to various sections of Chapter 18 of the U.S. Code [because] none of those criminal statutes includes an express private right of action"); see also *Milam v. Southaven Police Dep't*, 2015 U.S. App. LEXIS 23103, *5 (6th Cir. Aug. 21, 2015)(Where pro se plaintiff appealed district court's dismissal of her complaint, court was without jurisdiction to enforce federal kidnapping charge because plaintiff, as private citizen, lacked judicially cognizable interest in prosecution or non-prosecution of another.) It is unclear if plaintiff is attempting to revive his federal kidnapping claim, which the Court warned plaintiff he should not reallege in his amended complaint. The Court finds that this claim, to the extent he wishes to reassert it, should be dismissed.

### d. Plaintiff Has Not Adequately Pled Facts Supporting Any Claim

Plaintiff's complaint is sparse, and the Court finds that he has also not plead enough facts to support a claim against the defendants. All of plaintiff's claims relate to his arrest. The Court noted in

7

the screening order that plaintiff failed to allege whether his arrest led to a conviction[1] and whether he exhausted his appeals, per *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Plaintiff alleges in the amendment that he never received a citation, but it is still unclear whether he was convicted or whether he exhausted his appeals.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been" previously invalidated. *Id.* It is unclear whether plaintiff's complaint is barred by *Heck*, given that plaintiff merely states that he did not receive a citation. Even construing plaintiff's complaint in the light most favorable to him, that his complaint is not barred by *Heck*, the amendment is still inadequate. Plaintiff did not bring any claims in his amended complaint, but he only alleges bare bone facts, which the court has liberally construed. Plaintiff has not discussed whether he has been convicted or shown that his sentence has been invalidated. Plaintiff's complaint may be properly dismissed on this basis as well. *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) ("[B]ecause a judgment in favor of [the plaintiff] would necessarily imply the invalidity of his sentence, and because [the plaintiff] did not show that his sentence has been invalidated, the district court properly dismissed this action."). This case should be dismissed.

Plaintiff will not be prejudiced, because the Court is asking that a district judge be assigned, so that the plaintiff will have an opportunity to object.

//

//

---

[1] The Court notes that plaintiff attached a police report to his complaint which states that the officers cited him for obstruction.

**IT IS SO RECOMMENDED** that this case be DISMISSED.

**IT IS SO ORDERED** that the Clerk of Court randomly assign a district judge to this case to review this report and recommendation.

IT IS SO RECOMMENDED AND ORDERED.

DATE: January 8, 2026.



_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**